[764 NYS2d 862]

In the MATTER OF PHILLIP A. WERBEL (Admitted as PHILLIP ALLEN WERBEL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 22, 2003

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P.C.,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated August 1, 2002, containing one charge of professional misconduct. After a prehearing conference on September 30, 2002, and a hearing on November 14, 2002, the Special Referee sustained the charge. The petitioner now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent consents to the confirmation of the Special Referee's report and asks the Court to impose discipline no greater than a censure.

The charge alleges that the respondent was convicted of a serious crime.

On or about February 6, 2002, the respondent entered a plea of guilty in Supreme Court, Westchester County, to a violation of Election Law § 17-102, a class A misdemeanor. He was sentenced before the Honorable Joseph C. Teresi, on or about April 26, 2002, was ordered to pay a fine of $1,000, and was placed on probation for a period of three years.

By reason of the foregoing, the respondent is charged with violating Code of Professional Responsibility DR 1-102 (a) (3) and (4) (22 NYCRR 1200.3 [a] [3], [4]).

In view of the uncontested evidence, the Special Referee properly sustained the charge and the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent submits that he is no threat to the public and asks that the Court impose no sanction greater than a public censure. The respondent has submitted numerous letters attesting to his good character. Balancing the nature of the misconduct with the mitigation advanced, the respondent is suspended for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Phillip A. Werbel, is suspended from the practice of law for a period of one year, commencing

October 22, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Phillip A. Werbel, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.